UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| DONNA CHESSEN, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | |
| vs. ) | No. 4:19-cv-00174-JMS-DML |
| ) | |
| AMERICAN QUEEN STEAMBOAT ) | |
| OPERATING COMPANY, LLC, ) | |
| ) | |
| *Defendant*. ) | |

## ORDER

On August 15, 2019, Plaintiff Donna Chessen filed a Complaint against American Queen Steamboat Operating Company, LLC ("American Queen") asserting a claim related to an injury Ms. Chessen suffered while on one of American Queen's cruise ships. [Filing No. 1.] On August 26, 2019, Ms. Chessen filed an Amended Complaint against American Queen, specifying that she was bringing her claim under the general maritime law of the United States. [Filing No. 9 at 3.] On December 9, 2019, American Queen filed a Motion for Summary Judgment, arguing that Ms. Chessen failed to file suit within the one-year limitation period set forth in the Passage Ticket Contract (the "Contract")[1] that governed her trip on American Queen's cruise ship. [Filing No. 22.] That motion is ripe for the Court's decision.

**I.**
**STANDARD OF REVIEW**

A motion for summary judgment asks the Court to find that a trial is unnecessary because there is no genuine dispute as to any material fact and, instead, the movant is entitled to judgment

---

[1] The Court notes that in cases such as this one, "ticket" and "contract" are often used interchangeably.

as a matter of law. *See* Fed. R. Civ. P. 56(a). As the current version of Rule 56 makes clear, whether a party asserts that a fact is undisputed or genuinely disputed, the party must support the asserted fact by citing to particular parts of the record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). A party can also support a fact by showing that the materials cited do not establish the absence or presence of a genuine dispute or that the adverse party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1)(B). Affidavits or declarations must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on matters stated. Fed. R. Civ. P. 56(c)(4). Failure to properly support a fact in opposition to a movant's factual assertion can result in the movant's fact being considered undisputed, and potentially in the grant of summary judgment. Fed. R. Civ. P. 56(e).

In deciding a motion for summary judgment, the Court need only consider disputed facts that are material to the decision. A disputed fact is material if it might affect the outcome of the suit under the governing law. *Hampton v. Ford Motor Co.*, 561 F.3d 709, 713 (7th Cir. 2009). In other words, while there may be facts that are in dispute, summary judgment is appropriate if those facts are not outcome determinative. *Harper v. Vigilant Ins. Co.*, 433 F.3d 521, 525 (7th Cir. 2005). Fact disputes that are irrelevant to the legal question will not be considered. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

On summary judgment, a party must show the Court what evidence it has that would convince a trier of fact to accept its version of the events. *Johnson v. Cambridge Indus.*, 325 F.3d 892, 901 (7th Cir 2003). The moving party is entitled to summary judgment if no reasonable fact-finder could return a verdict for the non-moving party. *Nelson v. Miller*, 570 F.3d 868, 875 (7th Cir. 2009). The court views the record in the light most favorable to the non-moving party and

draws all reasonable inferences in that party's favor. *Darst v. Interstate Brands Corp.*, 512 F.3d 903, 907 (7th Cir. 2008). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *O'Leary v. Accretive Health, Inc.*, 657 F.3d 625, 630 (7th Cir. 2011). The Court need only consider the cited materials, Fed. R. Civ. P. 56(c)(3), and the Seventh Circuit Court of Appeals has "repeatedly assured the district courts that they are not required to scour every inch of the record for evidence that is potentially relevant to the summary judgment motion before them." *Johnson*, 325 F.3d at 898. Any doubt as to the existence of a genuine issue for trial is resolved against the moving party. *Ponsetti v. GE Pension Plan*, 614 F.3d 684, 691 (7th Cir. 2010).

## II.
### BACKGROUND

The following factual background is set forth pursuant to the standards outlined in Federal Rule of Civil Procedure 56. *See* Fed. R. Civ. P. 56(a). The facts stated are not necessarily objectively true, but as the summary judgment standard requires, the undisputed facts and the disputed evidence are presented in the light most favorable to "the party against whom the motion under consideration is made." *Premcor USA, Inc. v. Am. Home Assurance Co.*, 400 F.3d 523, 526-67 (7th Cir. 2005).

On May 3, 2017, AFC Vacations, a travel agency, made a deposit for a group reservation with American Queen. [Filing No. 22-1 at 1.] Upon confirmation of the deposit and reservation, a travel agent with AFC Vacations received an electronic copy of the Contract. [Filing No. 22-1 at 1.] On September 22, 2017, Ms. Chessen, through an AFC Vacations travel agent, booked a voyage on American Queen's cruise ship under the group reservation and, three days later, a physical copy of the Contract was delivered to the travel agent. [Filing No. 22-1 at 1-2.] A copy of the Contract was mailed to Ms. Chessen on October 5, 2017. [Filing No. 22-3 at 1.]

Ms. Chessen's voyage on the American Queen's cruise ship was governed by the Contract. [Filing No. 22-1 at 2.] The first page of the Contract (excluding the cover page) has a heading reading, "**TERMS AND CONDITIONS OF CONTRACT OF CARRIAGE** (Incorporated in and forming part of Passage Ticket/Contract)," and states, in relevant part:

> **IMPORTANT NOTICE: THESE ARE THE TERMS AND CONDITIONS OF THE LEGALLY BINDING CONTRACT BETWEEN YOU AS OUR GUEST AND AMERICAN QUEEN STEAMBOAT OPERATING COMPANY, LLC D/B/A AMERICAN QUEEN STEAMBOAT COMPANY. THIS TICKET/CONTRACT CONTAINS SUBSTANTIAL PENALTIES FOR CANCELLATION, AS WELL AS CERTAIN LIMITATIONS CONCERNING OUR LIABILITY FOR YOUR DEATH, ILLNESS OR INJURY, AS WELL AS LIMITATIONS CONCERNING DAMAGE CLAIMS RELATING TO BAGGAGE AND PERSONAL PROPERTY. PLEASE READ ALL OF THESE TERMS AND CONDITIONS CAREFULLY. BY SENDING PAYMENT TO AMERICAN QUEEN STEAMBOAT OPERATING COMPANY, LLC AND/OR BOARDING OUR SHIP, YOU AGREE TO ACCEPT AND TO BE BOUND BY ALL OF THE TERMS AND CONDITIONS WHICH FOLLOW, INCLUDING SPECIFICALLY THOSE REGARDING YOUR RIGHTS TO SUE, GOVERNING LAW, FORUM AND JURISDICTION.**

[Filing No. 22-2 at 2 (emphasis in original).]

Under a heading titled "**CARRIER'S LIABILITY,**" is language that states, in pertinent part:

> NO SUIT SHALL BE MAINTAINED AGAINST US FOR DELAY, DETENTION, PERSONAL INJURY, ILLNESS OR DEATH OF THE GUEST OR FOR ANY OTHER CLAIM UNLESS WRITTEN NOTICE OF THE CLAIM WITH FULL PARTICULARS IS DELIVERED TO US OR OUR AGENT AT ANY ADDRESS SET FORTH HEREIN WITHIN SIX (6) MONTHS FROM THE DAY WHEN SUCH DELAY, DETENTION, PERSONAL INJURY, ILLNESS OR DEATH OF THE GUEST OR CLAIM OCCURRED; AND IN NO EVENT SHALL ANY SUIT FOR ANY CAUSE AGAINST US WITH RESPECT TO DELAY, DETENTION, PERSONAL INJURY, ILLNESS, DEATH OR ANY OTHER CLAIM BE MAINTAINABLE, UNLESS SUIT SHALL BE COMMENCED WITHIN ONE (1) YEAR FROM THE DAY WHEN THE DELAY, DETENTION, PERSONAL INJURY, ILLNESS, DEATH OF THE GUEST OR CLAIM OCCURRED, NOTWITHSTANDING ANY PROVISION OF APPLICABLE LAW TO THE CONTRARY.

[Filing No. 22-2 at 9.]

An electronic version of the Contract is located on American Queen's website and is available for review at any time. [Filing No. 22-1 at 2.]

Ms. Chessen alleges that on October 17, 2017, while she was a passenger on one of American Queen's cruise ships, she "caught her foot on an oversized tablecloth as she attempted to get up from the table which caused her to trip and fall[,] . . . result[ing] in serious personal injuries." [Filing No. 1 at 2.]

On November 29, 2017, American Queen received a letter dated November 15, 2017 from the Cifarelli Law Firm, a California firm representing Ms. Chessen regarding the injury. [Filing No. 22-4 at 1.] In July and August of 2018, the Cifarelli Law Firm had phone conversations with an American Queen representative, wherein the representative advised that any litigation against American Queen would need to take place in Indiana, as required by the Contract. [Filing No. 22-4 at 2.] On October 19, 2018, American Queen received notice from Ms. Chessen's counsel that she had retained local counsel in Indiana, and counsel filed this action on August 15, 2019. [Filing No. 22-4 at 2.]

### III.
### DISCUSSION

In its Motion for Summary Judgment, American Queen argues that Ms. Chessen's claim is time-barred because she did not file this action until almost two years after the incident. [Filing No. 23 at 1-2.] American Queen argues that the Contract's one-year limitation on initiating actions is enforceable because this term is reasonably communicated to passengers in the Contract, due to the "Important Notice" section being in bold, capital letters, separated from the remaining terms of the Contract, and the "Carrier's Liability" section containing the one-year limitation being in all capital letters, distinguishing it from the surrounding provisions. [Filing No. 23 at 7-9.] Further,

5

American Queen asserts that Ms. Chessen had ample opportunity to familiarize herself with the one-year limitation provision because American Queen provided copies of the Contract to Ms. Chessen's travel agent and the Contract was available online for Ms. Cheesen to review at any time. [Filing No. 23 at 9.] American Queen also argues that Ms. Chessen had the ability to file this action within the one-year time frame because she retained counsel less than one month after the incident, and American Queen had advised her counsel that litigation regarding the incident would be governed by the terms of the Contract. [Filing No. 23 at 9-10.] Finally, American Queen argues that Ms. Chessen is an experienced cruiser and, therefore, she should have known that the Contract governed this case and required her to file this action within one year of the incident. [Filing No. 23 at 10.]

In her response, Ms. Chessen argues that Indiana's two-year limitations period for personal injury cases should apply here because the shortened limitation period in the Contract was not reasonably communicated. [Filing No. 24 at 4.] She argues that because the Contract is fifteen single-spaced pages formatted with narrow margins and small print and one-third of the paragraphs had some sort of emphasis, the one-year limitation was not sufficiently communicated to her. [Filing No. 24 at 3.] She also contends that the one-year limitation provision is not sufficiently set out because the paragraph in which it is contained does not begin until the eighth page and the provision begins on the 27th of 40 lines of capitalized text. [Filing No. 24 at 3.] Ms. Chessen maintains that the one-year limitation provision "was buried in the middle of a long, technical document" and "[t]he [Important] Notice on the first page is confusing." [Filing No. 24 at 3.] She further argues that the Contract was mailed to her only ten days before the cruise began and because it was so complex, "the importance and existence of the limitation was not reasonably communicated to [her], no matter how long she had [it.]" [Filing No. 24 at 4.] Finally, Ms.

6

Chessen challenges American Queen's statement in its brief that it told the Cifarelli Law Firm that the Contract governed Ms. Chessen's claim, pointing out that the evidence actually shows that American Queen stated it told her counsel that the action would need to be initiated in Indiana, not that it told her counsel about the one-year limitation in the Contract. [Filing No. 24 at 4.]

In reply, American Queen argues that the law does not require the Important Notice section to reference particular paragraphs in the Contract that have a potential effect on a passenger's legal rights. [Filing No. at 25 at 2.] Instead, the law requires that the notice advise the passenger that there are terms and conditions within the ticket that affect the passenger's legal rights, and American Queen argues that the Contract does exactly this. [Filing No. 25 at 2-3.] American Queen cites numerous cases that it argues contain similar language to that in the Contract, which have been found to be enforceable by various courts. [Filing No. 25 at 3.] American Queen argues that "[i]f Ms. Chessen had even begun reading the [Contract], she would have seen [the Important Notice] which, in simple terms, informs passengers like Ms. Chessen that it impacts a passenger's right to sue and informs the passenger that he or she should read all of the terms and conditions carefully." [Filing No. 25 at 4.] American Queen also challenges Ms. Chessen's argument regarding the placement of the one-year limitation provision, noting that such an argument was rejected in another case. [Filing No. 25 at 4.] Finally, American Queen argues that because the Cifarelli Law Firm was aware of the Contract and aware that American Queen would be relying on certain provisions of the Contract, Ms. Chessen and her current counsel should have carefully studied the terms of the Contract and recognized that her lawsuit must be filed within one year of the date of the injury. [Filing No. 25 at 6.]

The parties agree that the "reasonable communicativeness" test set out in *Thompson v. Ulysses Cruises, Inc.*, 812 F. Supp. 900 (S.D. Ind. 1993),[2] should apply to determine whether the one-year limitation provision is enforceable. [Filing No. 23 at 5-6; Filing No 24 at 2.]  "A passenger is bound by the terms of the passage contract, so long as the terms are 'reasonably communicated.'"  *Thompson*, 812 F. Supp. 902 (citation omitted).  The reasonable communicativeness test has two factors that courts consider: (1) "the manner in which the crucial language is presented in the ticket," and (2) "extrinsic factors surrounding the purchase and subsequent retention of the ticket."  *Id.* at 903.  The first factor looks at "the presence, placement, conspicuousness, and clarity of any notification clause directing the passenger's attention to the limitations clause," as well as where the limitations clause is located in relation to the rest of the ticket, the font size used for the notification and limitations clauses, and how easy it is for the passenger to read the limitations clause. *Id.*  The second factor looks at "the passenger's familiarity with the ticket, the time and incentive under the circumstances to study the provisions of the ticket, and any other notice that the passenger received outside the ticket." *Id.* at 903-04.  The focus is on whether the passenger had the opportunity to read the ticket, not whether the passenger actually read the ticket. *Id.* (citation omitted).  The reasonable communicativeness test does not require the shipowner "to design the 'best' ticket or an 'ideal' warning.  That test requires only that the shipowner employ 'reasonable' means to communicate the importance of the ticket provisions to the passenger." *Id.* at 903 (quoting *Euland v. M/V Dolphin IV*, 685 F. Supp. 942, 946 (D.S.C.

---

[2] The Seventh Circuit has not addressed the issue of enforceability of terms and conditions contained in a passage ticket against a passenger in a published opinion.  The *Thompson* court looked to other Circuits and noted that the majority had adopted the reasonable communicativeness test.  *Id.* at 902.  Since the *Thompson* opinion was published, several district courts in the Seventh Circuit have followed *Thompson* and applied the reasonable communicativeness test.  This Court will do the same.

8

1988)). "The reasonableness of the notice given to passengers of a critical contract term is a question of law that is decided by the trial judge without submitting the issue to a jury." *Thompson*, 812 F. Supp. 902 (citation omitted).

The Court begins its analysis by considering the first factor of the reasonable communicativeness test. The Contract at issue here contains a notification clause at the very top of the first page of text (not including the cover page), which states "**IMPORTANT NOTICE: THESE ARE THE TERMS AND CONDITIONS OF THE LEGALLY BINDING CONTRACT BETWEEN YOU AS OUR GUEST AND AMERICAN QUEEN STEAMBOAT OPERATING COMPANY, LLC D/B/A AMERICAN QUEEN STEAMBOAT COMPANY. THIS TICKET/CONTRACT CONTAINS . . . CERTAIN LIMITATIONS CONCERNING OUR LIABILITY FOR YOUR DEATH, ILLNESS OR INJURY**. . . ." [Filing No. 22-2 at 2.] The notification clause is capitalized, in bold, and in a font size that is easily legible. The one-year limitation clause is located six pages later in capitalized text that is found under the heading "**CARRIER'S LIABILITY**." [Filing No. 22-2 at 9.] The Court finds that the first factor of the reasonable communicativeness test weighs in American Queen's favor. *Stevens v. Harrah's Ill. Corp.*, 1999 WL 639182, at *3 (N.D. Ill. Aug. 17, 1999) (first factor satisfied where notice was printed in bold-face type on the face of the ticket); *Henderson v. AirTran Airways, Inc.*, 2010 WL 4062503, at *3 (S.D. Ind. Oct. 14, 2010) (first factor met where notice was located in upper left corner of first page of contract underneath capitalized, bolded, and underlined text).

Looking to the extrinsic considerations of the second factor, the undisputed facts demonstrate that Ms. Chessen and her travel agent received copies of the Contract prior to the cruise, and the Contract was readily available on American Queen's website. Therefore, Ms.

Chessen had a reasonable opportunity to review the terms and conditions, including the one-year limitation provision. *Grivesman v. Carnival Cruise Lines*, 2001 WL 62580, at *2 (N.D. Ill. Jan. 25, 2001) (finding second factor satisfied where plaintiff received relevant information from travel agent more than a month before the cruise); *cf. Krus v. Harrah's Casino*, 2001 WL 1105071, at *4 (N.D. Ill. Sept. 19, 2001) (second factor not met where passenger was given ticket upon her arrival at the casino boat and the ticket was taken by boat employee when passenger boarded). The Court finds she also had a strong incentive to review the provision. *See Thompson*, 812 F. Supp. at 904 ("[G]iven the seriousness of [plaintiff's] injuries, [plaintiff] had a strong incentive to determine the correct course of action in pursuing their claim against [the shipowner]."). Within one month of the incident—early in the one-year limitation period—Ms. Chessen hired counsel to represent her regarding her injury. *Henderson*, 2010 WL 4062503, at *4 (second factor satisfied where passenger still had ticket after injury occurred and she had also contacted counsel three months prior to expiration of one-year limitation). She, through counsel, was aware of the Contract, and that it contained provisions related to filing suit. The responsibility to familiarize themselves with the provisions of the Contract was on Mrs. Chessen and her counsel.

After considering both factors of the test, the Court finds that the one-year limitation period was reasonably communicated in the Contract and is enforceable against Ms. Chessen. Because Ms. Chessen filed this action after the one-year period had expired, Ms. Chessen's claim is time-barred, and summary judgment in American Queen's favor is warranted.

## IV.
### CONCLUSION

For the reasons outlined above, the Court **GRANTS** American Queen's Motion for Summary Judgment, [22]. Final judgment shall issue accordingly.

Date: 5/18/2020

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**<u>Distribution via ECF only to all counsel of record</u>**